IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge R. Brooke Jackson**

Civil Action No. 19–cv–00680–RBJ

DEREK J. WEBB

    Plaintiff,

v.

ACES UP GAMING, INC.;
CHARLES RAWLS DRENNAN, III;
TODD TAYLOR, and
DOES 1–10

    Defendants

---

**SPECIAL MASTER'S REPORT, FINDINGS, ORDERS AND RECOMMENDATIONS**

---

A status-discovery conference before the Special Master commenced at 1:30 p.m., November 21, 2019, at the offices of Plaintiff's counsel. Darren Lemieux and Abby Harder appeared for Plaintiff. Rob Zavaglia and Brooks Fortune appeared for Defendants. Although certain deadlines were set at the conference, Plaintiff's counsel, with the consent of Defendants' counsel, has proposed extending the deadlines because of the intervening holiday and other unspecified issues. The Special Master agrees, and the deadlines set herein reflect the extension upon which the parties have agreed.

**STATUS OF DISCOVERY ISSUES**

The parties reviewed with the Special Master the status of current discovery disputes. The disputes fall into four categories: (1) the adequacy and completeness of Defendants' response to certain interrogatories propounded by Plaintiff in Plaintiff's first set of written interrogatories; (2) issues arising from Defendants' assertion that certain documents sought by Plaintiff are protected by the attorney-client privilege or the attorney work product privilege, including the adequacy of the privilege log supplied by Defendants; (3) issues concerning Defendants' compliance with the ESI protocol in the case; and (4) issues concerning whether Defendants should be sanctioned under Fed. R. Civ. P. 37 for several violation of the Court's oral rulings on September 17, 2019.

*Adequacy and Completeness of Defendants' Interrogatory Responses*

Plaintiff has narrowed the number of interrogatories as to which there remains an issue and has furnished Defendants' counsel and the Special Master with a notebook documenting all outstanding discovery matters. Argument concerning the interrogatories in question are set forth in a letter dated September 24, 2019 from Plaintiff's counsel to Defendants' counsel (Tab R) and in an emailed response from Defendants' counsel (Tab V). The Special Master will review the disputed interrogatories and responses, together with the letter and email, and will enter a separate order concerning the dispute. No further briefing or submission is required.

*Issues Concerning Attorney-Client Privilege and Attorney Work Product Privilege*

The threshold issue is the adequacy of the privilege log that Defendants have supplied. The controlling rule requires that the party claiming the privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(ii). To assess Defendants' claim, the privilege log

should contain: (1) a Bates-numbered description of the document; (2) the date of the document; (3) the identity of the document's author, including his/her name, position, and/or title; (4) the identity of each recipient of the document, including his/her name, position, and/or title; (5) the identity (including name, position, and/or title) of any person to whom the document has been disclosed; (6) the privilege claimed and the factual basis for the claim. The privilege log shown to the Special Master (Tab W) appears to be insufficient in two ways. First, it supplies persons' names without disclosing the persons' title, position, or other information connecting the persons to the subject matter of this case. Second, in many cases, the basis for asserting the privilege is stated in terms of a bare legal conclusion without any indication whatsoever of the factual basis for the conclusion. The factual basis for the conclusion that a document is protected by attorney-client privilege is the classic formulation by Judge Wyzanski in *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358 (D. Mass. 1950) (reciting elements of privilege and thereafter examining documents in light of those elements). Defendants need to reformulate the privilege log in accordance with these principles, pursuant to the schedule set out in the "Orders" section below. Thereafter, in accordance with the same schedule, the parties can brief the issues presented by privilege claims.

***Defendants' Compliance with ESI Protocol***

Defendants reported during the conference that they were holding some ESI material which they had not produced because the Court in the interim appointed the Special Master. They should forthwith produce the additional ESI material in accordance with the schedule set forth in the "Orders" section below. One or both sides also need to produce the ESI Protocol for the Special Master.

***Issues Concerning Whether Defendants Should Be Sanctioned for Violating the Court's September 17, 2019, Oral Ruling Ordering Complete Responses to Outstanding Discovery Requests by September 30, 2019***

In a bench order entered at a telephonic discovery conference on September 17, 2019, Judge Jackson ruled as follows:

> The Court orders that there be full, complete — and I emphasize full and complete — responses to the requests for production of documents in compliance with the ESI protocol no later than the end of this month, which will be September 30th, Monday, September 30th. This is a specific Court order. Any violation of that order will be deemed contempt by the Court, and sanctions will be ordered. The sanctions at a minimum will include attorneys' fees and may include additional sanctions. The Court will not put up with any more of this in this case.

Because Plaintiff contended that Defendants failed in several respects to comply with the bench ruling entered during the conference on September 17, Judge Jackson held a second telephonic conference on October 16, 2019. He heard argument from both sides. Plaintiff maintained that there had been insufficient compliance with the September 17 order and that Defendants should be sanctioned for violating the order. Defendants argued that they had complied with the order. Judge Jackson deferred ruling on the matter:

> So somebody is going to have to go through and decide whether, in fact, the defendant has done what Mr. Zavaglia claims and has complied with the Court's order. I doubt it, frankly, but I can't make a decision based on a telephone call; nor, gentlemen, do I have the time or the patience to go over hundreds or thousands of documents. So I'm going to do what will be the first time I've ever done this in 21 years on the bench, and that is I'm going to appoint a special discovery master initially at the joint expense of the parties, and the discovery master will do what I don't have time to do, and that is get to the bottom of this.

In compliance with the Court's direction, the Special Master will order that the Rule 37 issues be briefed and will issue either a ruling or a recommendation on the matter.

**PROCEDURES FOR DETERMINING SPECIAL MASTER COMPENSATION**

The Special Master explained the documents which he relied on in arriving at the suggested hourly rate of $400 per hour. The first document is a schedule prepared by the Office of Special Masters of the United States Court of Federal Claims for the year 2017. That schedule, a copy of which is attached as Exhibit 1, suggests an hourly rate from $394 to $440 for special masters having more than 31 years in practice. The Special Master also relied on two compensation orders entered by other judges in this district setting hourly rates of $400, one entered by Magistrate Judge Watanabe on June 2, 2016 (Exhibit 2, at 4–5), and the other entered by Judge Domenico on August 14, 2019 (Exhibit 3, at 6–7). No party objected to the hourly rate of $400 per hour. The parties also agreed that the Special Master would submit monthly statements to counsel and that the statements would be paid within 15 days, unless any party objected to a statement within 14 days after the statement was transmitted by email. *See* FED. R. CIV. P. 53(f)(2) (court may set time to object). Unless otherwise ordered by the Court, each side will pay one-half of each statement.

In accordance with the foregoing findings and conclusions, it is

**ORDERED** as follows:

1. With respect to issues concerning privilege —

    a. By November 26, 2019, Defendants will submit to Plaintiff and the Special Master a privilege log that complies with the requirements previously set forth herein.[*]

    b. By December 5, 2019, Plaintiff will submit to Defendants and the Special Master an opening brief on all privilege issues.

---

[*]Based on representations of counsel, the Special Master notes that Defendants did timely produce a log, as orally ordered during the status-discovery conference. It appears that the adequacy of the log may still be an issue.

      c.      By December 12, 2019, Defendants will submit to Plaintiff and the Special Master a response brief on the same issues.

      d.      By December 18, 2019, Plaintiff may submit a reply brief.

2.      With respect to ESI and issues concerning Rule 37 sanctions —

      a.      By November 26, 2019, Defendants will submit to Plaintiff all additional ESI information in their possession.

      b.      By December 5, 2019, Plaintiff will submit to Defendants and the Special Master an opening brief addressing all ESI and sanctions issues.

      c.      By December 18, 2019, Defendants will submit to Plaintiff and the Special Master a response brief addressing these issues.

      d.      By December 23, 2019, Plaintiff may submit a reply brief.

Further, it is

**RECOMMENDED** that the Court issue an order (a) setting the Special Master's hourly rate at $400 per hour, (b) requiring the Special Master to submit monthly statements to each counsel, (3) requiring payment by each side of one-half of each statement within 15 days of submission unless there is an objection filed with the Court within 14 days of submission.

Dated December 2, 2019

                                            Respectfully submitted,

                                            s/
                                            Edward W. Nottingham
                                            2800 Dominion Towers South
                                            600 Seventeenth Street
                                            Suite 2800 South
                                            Denver, Colorado 80202
                                            (303) 226-5667
                                            (303) 260-6401 (facsimile)
                                            ewn@nottinghamlaw-mediation.com

*****

## CERTIFICATE OF SERVICE

I served counsel for all counsel of record by filing this document with the Court, via the Court's CM/ECF filing system.

s/

_____
Edward W Nottingham